# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MANN REALTY ASSOCIATES, INC., | : | |
| Appellant, | : | No. 1:17-cv-1225 |
| v. | : | Hon. John E. Jones III |
| DOUBLE M DEVELOPMENT, | : | |
| Appellee. | : | |

## **MEMORANDUM**

**December 19, 2017**

Appellant Mann Realty Associates, Inc. ("Mann Realty") appeals a June 29, 2017, order of the Honorable Robert N. Opel, II, of the United States Bankruptcy Court for the Middle District of Pennsylvania. The June order denied reconsideration (the "Reconsideration Order") of an order issued on May 11, 2017, granting Appellee Double M Development ("Double M") relief from stay (the "Lift Stay Order") and permitting Double M to proceed with state court litigation in the Court of Common Pleas of Dauphin County.[1] Mann Realty filed a timely Notice of Appeal to this Court on July 12, 2017. (Doc. 1). The Appeal has been fully briefed by the parties (Docs. 8-10) and is thus ripe for our adjudication. For

---

[1] Mann Realty did not appeal the Lift Stay Order, and thus, technically, that order is not before this Court. However, as a practical matter, determining whether the Reconsideration Order was an abuse of discretion requires that we consider the reasoning of the Lift Stay Order.

1

the reasons that follow, we shall affirm the Reconsideration Order of the Bankruptcy Court.

I. BACKGROUND[2]

Mann Realty filed for Chapter 11 bankruptcy on March 31, 2017. (R1). About two weeks later, Double M filed a Motion for Relief from the Automatic Stay and requesting permission to proceed with underlying state court litigation in Dauphin County, Pennsylvania, related to a parcel of property purportedly within the bankruptcy estate. (R2).

At that time, the state action had a nearly 20-year history, arising out of an attempt by Double M to exercise an option to purchase 35 acres of real estate (the "Property") then-owned by Robert M. Mumma, II, Grantor Retained Annuity Trust ("GRAT"). Through subsequent proceedings the state court ordered the GRAT to honor the option and convey the Property to Double M. In defiance of that order, the GRAT transferred the Property to Robert and Susan Mumma individually, and later to Mann Realty, of which the GRAT was a majority shareholder.[3] The state court found that the GRAT "knowingly attempted to circumvent its responsibilities through the conveyance, in disregard of an order which ruled upon [Appellees]

---
[2] As characteristic of most bankruptcy proceedings, this case contains a complicated and detailed history, including a relevant, 20-year history of litigation in the Dauphin County Court of Common Pleas. Because we write for the benefit of the Bankruptcy Court and the parties who are familiar with the case, we present only an abbreviated recitation of the important facts.
[3] Although Double M asserted in its Motion for Relief from the Automatic Stay that the GRAT was the sole shareholder of Mann Realty, (Doc. 10, p. 24, ¶ 12), Mann Realty states that the Mummas' daughters own 25 percent of the company. (Doc. 10, p. 8).

2

substantive rights to exercise the option." (Br. of Appellee, p. 5). The state court then sanctioned the GRAT $1,000 per day until the Property was conveyed to Double M. Over time, as the GRAT continually failed to reconvey the property, the sanctions, with accompanying attorneys' fees, reached over $900,000. Double M obtained a judgment against the GRAT for that amount. (Br. of Appellee, Ex. C). All orders of the state trial court were affirmed by the Pennsylvania Superior Court, which ultimately determined that the Mummas, the GRAT, and Mann Realty were indistinguishable entities. The Pennsylvania Supreme Court denied requests for appeal, leaving the Superior Court's decisions as the final rulings.

On May 11, 2017, after a hearing on Double M's Motion, the Honorable Robert N. Opel, II, granted Double M's requested relief on the basis of 11 U.S.C. § 362(d)(1) and permitted Double M to proceed with the state court litigation. (Doc. 6). On June 29, 2017, following a hearing on Mann Realty's Motion to Reconsider the prior order, Judge Opel affirmed his prior decision. (Doc. 7). This appeal followed.

Following Mann Realty's appeal, but before the parties filed briefs, Mann Realty filed an Emergency Motion to Stay Sheriff Sale before this Court on October 17, 2017. (Doc. 4). The sheriff's sale was scheduled for October 19, 2017.

We summarily denied Mann Realty's motion on October 18, 2017, (Doc. 5), and the Property was subsequently sold at sheriff's sale to Double M.[4]

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a)(1), which grants district courts jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. The bankruptcy court's June 29, 2017, order denying reconsideration was a final, appealable order. *See In re Syntax-Brillian Corp.*, 689 Fed.App'x 145, 148 (3d Cir. 2017) ("The Bankruptcy Court's … refusal to reconsider its rulings [is a] final order[] because those issues have been conclusively resolved. Thus, the District Court ha[s] jurisdiction under 28 U.S.C. § 158(a)(1).").

The district court "review[s] the bankruptcy court's legal determinations de novo, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re Am. Pad & Paper Co.*, 478 F.3d 546, 551 (3d Cir. 2007). Orders denying reconsideration are reviewed according to an abuse-of-discretion standard. *See Long v. Atlantic City Police Dept.*, 670 F.3d 436, 447 (3d Cir. 2012) (stating that the court is "bound by an abuse of discretion standard in reviewing the denial of reconsideration."); *see also Planned Parenthood of Cent. N.J. v. Att'y Gen. of*

---

[4] We noted in our opinion that "Appellant [did] not provide the Court with the Sheriff sale posting, transcripts from Judge Opel's findings regarding the state action, or any documentation relating to the associated state court proceeding. Instead, one day before the Sheriff sale [was] scheduled to proceed, Appellant submit[ted] this vague emergency motion for extraordinary relief without any citations to the 576 page record on appeal." (Doc. 5, p. 3).

*the State of N.J.*, 297 F.3d 253, 265 (3d Cir. 2002) ("[A] court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts.").

### III. DISCUSSION

The order directly on appeal is the Reconsideration Order, as noted above. On a motion for reconsideration, the moving party must show "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the [underlying motion]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). With regard specifically to the third ground, to determine if the bankruptcy judge abused his discretion in not finding clear error or manifest injustice, we must consider the Lift Stay Order. "We review the Bankruptcy Court's decision to lift the automatic stay for abuse of discretion." *Rocco v. J.P. Morgan Chase Bank*, 255 Fed.App'x 638, 640 (3d Cir. 2007) (citing *In re Myers*, 491 F.3d 120, 128 (3d Cir. 2007) ("Whether to annul the automatic stay is a decision committed to the bankruptcy court's discretion, and may be reversed only for abuse of that discretion.")). Thus, if the Lift Stay Order was an abuse of discretion, then the bankruptcy judge's order denying reconsideration was

also an abuse of discretion. Therefore, we will begin by reviewing, with due deference, the bankruptcy court's findings in issuing the Lift Stay Order.

**A. Lift Stay Order**

In its motion for relief from the automatic stay, Double M presented four theories for why the bankruptcy court should grant the motion and permit Double M to proceed with the state court litigation to its conclusion. Judge Opel granted Double M's motion only as to the first theory. Because the other three theories are not pertinent to Mann Realty's appeal, we will not address them and will focus, instead, on the first theory, which was based on 11 U.S.C. § 362(d)(1).

Section 362(d) outlines various scenarios in which a bankruptcy court *shall* grant relief from an automatic stay. Section 362(d)(1) provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay …, such as by terminating, annulling, modifying, or conditioning such stay –
>    (1) for cause, including the lack of adequate protection of an interest in property of such party in interest

11 U.S.C. § 362(d)(1). Judge Opel noted that finding cause for granting relief under subsection (d)(1) should be based on a totality of the circumstances. Double M had argued that the transfer of the Property to Mann Realty was in contravention of state court orders and that Mann Realty was specifically ordered by the state court to reconvey the Property back to the GRAT so that Double M could complete the exercise of its option. Double M also argued that the state court, affirmed by

6

the Pennsylvania Superior Court, found that Mann Realty was legally indistinguishable from the GRAT or the Mummas individually and, thus, it did not matter that Mann Realty was not party to the state court litigation. Mann Realty, for its part, did not dispute that the state court ordered it to reconvey the Property to the GRAT. Mann Realty argued that the parties disputed the boundaries of the Property and that the state court, sitting in equity, did not have jurisdiction to hear the boundary dispute matter. Mann Realty argued that the bankruptcy court should resolve the matter.

Upon hearing the parties' arguments, Judge Opel found that the matter involved questions of Pennsylvania real estate law and that the state court, with its extensive record on this case, was in a better position to resolve the dispute. (Doc. 6, p. 19). Judge Opel expressed some concern that a ruling from the bankruptcy court would conflict with the many state court decisions that were affirmed on appeal. (*Id.*). Furthermore, Judge Opel stated that, although Mann Realty was not technically a party to the state action, Mann Realty also did not seek to intervene in the matter to protect its interest or resolve the boundary dispute. Finally, Judge Opel reasoned that a stay hearing is only intended to determine if a creditor has a "colorable claim to proceed against the property" and is not a proceeding for addressing the merits of a claim, defense, or counterclaim. (*Id.* at p. 21). Mann Realty, in Judge Opel's estimation, was attempting to test the merits of its

boundary-dispute claim improperly. Based on all of these findings, Judge Opel found cause under § 362(d)(1) and determined that the stay should be lifted so that Double M could return to state court and carry out its litigation to completion.

### B. Reconsideration Order

As noted earlier, a party seeking reconsideration must show either an intervening change in controlling law, or new evidence not available before, or clear error or manifest injustice. After convening a hearing on the reconsideration motion, Judge Opel determined that Mann Realty had not presented any intervening change in controlling case law, nor did it present newly available evidence. (Doc. 7, p. 17). Indeed, Mann Realty essentially rehashed its boundary-dispute argument. Furthermore, Judge Opel acknowledged that he listened carefully to both parties and considered their arguments clearly and did not find any clear error or manifest injustice in his prior decision. (*Id.* at p. 19). In fact, Judge Opel stated that Mann Realty could have intervened in the state action and requested that the case be transferred to a court sitting in law to determine the boundary dispute issue, given that a court sitting in equity would not have jurisdiction to resolve the matter. (*Id.* at p. 9). Judge Opel, therefore, found no basis for reversing his earlier decision and denied the motion to reconsider.

### C. Mann Realty's Appeal[5]

Mann Realty argues that the Bankruptcy Court did not have jurisdiction to lift the automatic stay and permit Double M and the GRAT to litigate a state action related to the Property. Mann Realty further argues that the Lift Stay Order only permitted the state court action to proceed but did not authorize the sale of the Property.

Regarding the jurisdictional issue, bankruptcy courts have jurisdiction to hear "(1) cases under title 11, (2) proceeding[s] arising under title 11, (3) proceedings arising in a case under title 11, and (4) proceedings related to a case under title 11." *In re Resorts Intern., Inc.*, 372 F.3d 154, 162 (3d Cir. 2004) (citations omitted). "Cases under title 11, proceedings arising under title 11, and proceedings arising in a case under title 11 are referred to as 'core' proceedings; whereas proceedings 'related to' a case under title 11 are referred to as 'non-core' proceedings." *Id.* With "related to" jurisdiction, "bankruptcy courts have jurisdiction to hear a proceeding if 'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *Id.* at 164 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).

---

[5] Double M argues that Mann Realty's appeal is moot because the Property was already sold at sheriff's sale and Mann Realty is attacking the validity of the sale without first obtaining a stay. Double M relies on 11 U.S.C. § 363(m) as support. Section 363(m), however, pertains to authorized sales by the U.S. Trustee, which is not the set of facts we have here. Thus, the issue of mootness under § 363(m) is inapplicable. Furthermore, whether moot or not, we find Mann Realty's appeal meritless under the pertinent standard of review, as we will discuss.

Mann Realty argues that although Double M's request for relief is a "core" proceeding, the underlying state action was not "related to" the bankruptcy. We find Mann Realty's argument to be unpersuasive. First, it is bewildering to suggest that a request for relief is a core proceeding, but the actual relief itself – the state court proceeding being permitted to move forward – is unrelated to the bankruptcy proceeding. Nevertheless, we find that Judge Opel's determination in this matter was not an abuse of discretion. Judge Opel accurately noted that the dispute about the Property was a matter of Pennsylvania real estate law, that the state courts had 20 years of exposure to this matter, and that the state trial and appellate courts had all determined that Mann Realty was indistinguishable from the GRAT and, thus, Mann Realty not being named in the litigation was essentially inconsequential. The state court had ruled that the conveyance of the Property to Mann Realty was improper and in contravention of court orders and had specifically ordered Mann Realty to convey the Property back to the GRAT so that it could be conveyed to Double M. Certainly, the outcome of the state proceeding would have an effect on the bankruptcy estate. We therefore find that the bankruptcy court had jurisdiction to order the relief granted.

Mann Realty's second argument is equally unavailing. We agree that the Lift Stay Order did not authorize the sale of the Property; however, that is of no moment. The Property was not sold by the U.S. Trustee pursuant to Bankruptcy

Court authorization. The Property was sold at a sheriff's sale pursuant to a judgment obtained through the underlying state court litigation that was executed against the Property. The Lift Stay Order permitted the state court litigation to proceed *to its conclusion*. We fail to see, therefore, how the sale violated the Lift Stay Order.

Having found that the Lift Stay Order was not an abuse of discretion, we see no basis for finding that the Reconsideration Order was such an abuse and, therefore, was not clear error or manifestly unjust. Furthermore, Mann Realty pointed to no intervening, controlling case law, nor to any evidence not previously available.

## IV. CONCLUSION

For the reasons set forth in this Memorandum, we shall deny the appeal and affirm the Reconsideration Order of the Bankruptcy Court. An appropriate Order shall issue.